# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 07-20099-18 |
| JULIO CESAR LOYA-CONTRERAS, ) | |
| a.k.a. "Orestes Garcia," ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

On August 24, 2009, Mr. Loya-Contreras pled guilty to conspiracy to distribute and possession with intent to distribute 1000 kilograms or more of marijuana and five kilograms or more of cocaine. Mr. Loya-Contreras was sentenced to 136 months in prison and is currently incarcerated at the Federal Correctional Institution in Fort Worth (FCI Fort Worth).

The matter is presently before the Court on Mr. Loya-Contreras's "Motion for Help Locating Money in Possession at the Time of Arrest" (doc. 733). The motion is **denied as moot**.

## 1. Background

On March 4, 2010, Mr. Loya-Contreras filed the "Motion for Help Locating Money in Possession at the Time of Arrest" (doc. 733). Mr. Loya-Contreras claims he surrendered $970.00 he had on his person when he was arrested and detained at

the Wyandotte County Jail on February 17, 2009.

On April 5, 2010, the United States timely filed the "Government's Response to Defendant's Motion for Help Locating Money in Possession at the Time of Arrest" (doc. 763). The government confirmed that Mr. Loya-Contreras had $970.00 on his person at the time of his arrest, but it asserts a purchase at the jail decreased the sum to $968.75. The government represented that it had requested the Wyandotte County Sheriff's Office, as operator of the Wyandotte County Jail, to mail a check for $968.75 to FCI Fort Worth.

On May 13, 2010, Mr. Loya-Contreras filed the "Respond [sic] to Government Response Under Motion to Return Property Federal Rule of Criminal Procedure 41(g)" (doc. 772). In this document, Mr. Loya-Contreras also claims to have surrendered a gold chain, a watch, a silver belt, and a wallet containing personal documents.

**2. Discussion**

Rule 41(g) of the Federal Rules of Criminal Procedure controls the return of property seized during or in connection with a criminal investigation. Rule 41(g) provides the following:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).  A district court retains jurisdiction over a Rule 41(g) claim even if the underlying criminal proceedings have terminated.  *United States v. Clark*, 84 F.3d 378, 381 (10th Cir. 1996).

The court should treat a post-trial Rule 41(g) motion as a civil complaint.  *Id.*  Further, the court should construe it as an equitable civil proceeding.  *United States v. Clymore*, 245 F.3d 1195, 1201 (10th Cir. 2001).

When filing a Rule 41(g) motion after the termination of criminal proceedings, a movant is only required to show a right to lawful possession of the property.  *Id.* (quoting *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999)).  If the movant can show this right to lawful possession, he or she "is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property." *Id.*

Here, the government neither contests Mr. Loya-Contreras's right to lawful possession of the $968.75 nor claims a legitimate reason to retain the property.  Instead, the government asserts it has requested that the Wyandotte County Sheriff's Office, as custodian of Mr. Loya-Contreras's money, send the funds to be held for him at FCI Fort Worth.  Thus, the motion is denied as moot because the government has already taken steps to provide the requested relief.

In his reply, Mr. Loya-Contreras also claims the government has deprived him of personal property upon his arrest and detention.  In accepting a reply, this Court

3

will "deny or exclude summarily all arguments and issues first raised in [a] reply." *Wagher v. Guy's Foods, Inc.*, 765 F. Supp. 667, 671 (D. Kan. 1991). Thus, the additional matters raised in the reply are not properly before the Court. However, Mr. Loya-Contreras may file a new Rule 41(g) motion to seek return of his other personal property.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion for help locating money (doc. 733) is **denied as moot**.

**IT IS SO ORDERED** this 11th day of June, 2010

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge