# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

   **Plaintiff,**

**v.**                    **Case No. 07-20099-18-JWL**

**Julio Cesar Loya-Contreras,**

   **Defendant.**

## MEMORANDUM & ORDER

In August 2009, defendant Julio Cesar Loya-Contreras entered a plea of guilty to conspiracy to distribute and possession with intent to distribute 1000 kilograms or more of marijuana and 5 kilograms or more of cocaine. In January 2010, the court sentenced Mr. Loya-Contreras to 136 months imprisonment, which was later reduced to 120 months pursuant to Amendment 782. The Bureau of Prisons' online inmate locator reflects that Mr. Loya-Contreras presently has a projected release date of February 24, 2018.

This matter is now before the court on Mr. Loya-Contreras' request for an order of removal of alien pursuant to 8 U.S.C. § 1231(a)(4)(B). That statute provides as follows:

> The Attorney General is authorized to remove an alien in accordance with applicable procedures under this chapter before the alien has completed a sentence of imprisonment—
>
> (i) in the case of an alien in the custody of the Attorney General, if the Attorney General determines that (I) the alien is confined pursuant to a final conviction for a nonviolent offense (other than an offense related to smuggling or harboring of aliens or an offense described in section 1101(a)(43)(B), (C), (E), (I), or (L) of this title and (II) the removal of the alien is appropriate and in the best interest of the United States.

8 U.S.C. § 1231(a)(4)(B)(i).  Essentially, Mr. Loya-Contreras asks the court to order his early deportation because he has served more than 80 percent of his sentence for a non-violent offense and his deportation would be in the best interest of the United States.  The motion is denied.

To begin, the court has no authority to grant the relief requested.  The decision whether to deport an alien prior to completion of the alien's prison term is a matter solely within the discretion of the United States Attorney General and nothing in the statute authorizes the court to direct the Attorney General to exercise that discretion.  8 U.S.C. § 1231(a)(4)(B); *Thye v. United States*, 109 F.3d 127, 128 (2nd Cir. 1997).  Moreover, Mr. Loya-Contreras has no private right of action against the United States to compel his "release, removal, or consideration for release or removal."  8 U.S.C. § 1231(a)(4)(D); *Hernandez-Avalos v. INS*, 50 F.3d 842 (10th Cir. 1995) (statute creates no right or benefit enforceable by incarcerated alien).  Finally, even if the court had the power to order a removal under the statute and Mr. Loya-Contreras had the right to assert a claim under the statute, he is clearly ineligible for relief.  The statute expressly prohibits removal if the alien has been convicted of an offense described in 8 U.S.C. § 1101(a)(43)(B), which includes a drug trafficking crime.  *See* 8 U.S.C. § 1231(a)(4)(B).  Mr. Loya-Contreras' offense of conviction, then, renders him ineligible for expedited removal.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Loya-Contreras' motion for an order of removal of alien (doc. 1064) is **dismissed**.

**IT IS SO ORDERED.**

Dated this 21st day of February, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge